UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITY HOLDINGS, INC.; U.S. SECURITY ASSOCIATE HOLDINGS, INC.;

                Plaintiffs,

v.

RANDY ANDREWS,

                Defendant.

[stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 3/6/2020]

Case No. 1:19-cv-08025-CM

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

    IT IS HEREBY STIPULATED by and between Plaintiffs U.S. Security Holdings, Inc. and U.S. Security Associate Holdings, Inc. ("Plaintiffs") and Defendant Randy Andrews ("Defendant") (collectively, "Parties") that the discovery in this matter may require the disclosure of information which Plaintiff contends is subject to protection as its confidential business information and/or its trade secrets.

    IT IS ALSO HEREBY STIPULATED that in order to facilitate the exchange of information, testimony, and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties agree as follows:

1. Counsel for any party may designate any document, testimony, or information ("Discovery"), in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Counsel for any party may designate any Discovery, in whole or in part, as highly confidential if counsel believes, in good faith, that such documents, testimony, or information would create a substantial risk of serious financial or other injury, if disclosed to another party or non-party, and that such risk cannot be avoided by less restrictive means. Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."

3. For testimony given in depositions, the designating party may either identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" testimony, by specifying all portions of the testimony that qualify as "Confidential" or "Highly Confidential" or designate the entirety of the testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition

testimony are designated for protection, the transcript pages containing "Highly Confidential" information shall be separately bound by the court reporter, and when it contains "Confidential" or "Highly Confidential" information, the court reporter must affix to the top of each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as instructed by the designating party.

4. Discovery designated as confidential or highly confidential ("Confidential Information" or "Highly Confidential Discovery") will be held and used by the person receiving such information solely for use in connection with the above-captioned action ("Proceeding").

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Stipulation and Protective Order constitutes an admission by any party that any Confidential or Highly Confidential Discovery disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Highly Confidential Discovery.

6. All documents designated "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
   d. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding)
   e. Any deposition, trial, or hearing witness in this Proceeding who previously has had access to the Confidential Discovery, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Discovery;
   f. Any deposition, trial or hearing witness in this proceeding who previously did not have access to the Confidential Discovery; provided, however, that each such witness given access to Confidential Discovery shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they provide a signed statement in the form attached thereto as Exhibit A;
   g. The Court (including the mediator, or other person having access to any Confidential Discovery by virtue of his or her position with the Court); and
   h. Any other person or entity that the designating party agrees to in writing.

7. All documents designated "Highly Confidential" shall not be disclosed to any person, except:

2

a. The requesting party and counsel, including in-house counsel;
b. Employees of such counsel assigned to and necessary to assist in the litigation;
c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
d. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding;
e. Any person who authored, received, saw, or was otherwise familiar with Highly Confidential Discovery, including any person otherwise familiar with the information that prompted the designation of Highly Confidential Discovery contained therein, but only to the extent of that person's prior familiarity with the information.

8. The disclosure of Discovery without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Discovery. If so designated, the Discovery shall thenceforth be treated as Confidential or Highly Confidential Discovery subject to all the terms of this Stipulation and Protective Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of Discovery as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such Discovery shall be

filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential or Highly Confidential Discovery and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Discovery if otherwise required by law or pursuant to a valid subpoena.

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" or "highly confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision of it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED.

| | |
|---|---|
| New York, New York<br>Dated: March 4, 2020 | **BRYAN CAVE LEIGHTON PAISNER LLP**<br>By: /s/ Noah Weissman<br>Noah M. Weissman<br>1290 Sixth Avenue<br>36th Floor<br>New York, NY 10104<br>(212) 541-2028<br>nmweissman@bclplaw.com<br>*Attorney for Plaintiffs* |

**THE RANDO LAW FIRM P.C.**

By: _____
Robert J. Rando
6800 Jericho Turnpike
Suite 120W
Syosset, NY 11791
(516) 799-9800
rrando@randolawfirm.com
*Attorney for Defendant*

SO ORDERED.

Dated:
_____
COLLEEN MCMAHON, U.S.D.J.

3-6-2020

601745238.1

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____[POSITION AND EMPLOYER], am about to receive Confidential Discovery supplied in connection with the Proceeding. I certify that I understand that the Confidential Discovery are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Discovery, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided herein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Discovery provided to me in the Proceeding in a secure manner, and that all copes of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of New York, that the foregoing is true and correct. Executed this _____ day of _____, at _____.

DATED: _____   BY: _____
                                        Signature

                                        _____
                                        Title

                                        _____
                                        Address

                                        _____
                                        City, State, Zip

                                        _____
                                        Telephone Number