IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

U.S. SECURITY HOLDINGS, INC.; U.S.
SECURITY ASSOCIATES HOLDINGS, INC.

   Plaintiffs,

  - against -

RANDY ANDREWS,

   Defendant.

---

Case No. 1:19-cv-8025

**ORAL ARGUMENT REQUESTED**

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**

 

**BRYAN CAVE LEIGHTON PAISNER LLP**
1290 Avenue of the Americas
New York, New York 10104
T: (212) 541-2000
F: (212) 541-4630

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    A.     Defendant Was A Party To The SPA And Is Bound By Section 11.18. ................ 3

    B.     There Is No Genuine Issue Of Material Fact On Plaintiffs' Contract Claim.......... 4

          1.     Defendant's Response to Plaintiffs' Rule 56.1 Statement Does Not Create An Issue Of Material Fact. ............................................................. 5

          2.     Defendant Breached The SPA By Using The "ANDREWS" Corporate Name and His Self-Serving Declaration Does Not Create Any Genuine Issue of Material Fact. ........................................................... 7

          3.     Defendant's Counterstatements of Fact Are Not Relevant. ........................ 9

CONCLUSION............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................................9

*Buckman v. Calyon Secs.*,
   817 F. Supp. 2d 322 (S.D.N.Y. 2011).......................................................................................6

*Costello v. N.Y. State Nurses Ass'n*,
   783 F. Supp. 2d 656 (S.D.N.Y. 2011)...................................................................................5, 6

*Dietrich v. City of N.Y.*,
   No. 18-cv-7544, 2020 WL 4226591 (S.D.N.Y. July 23, 2020) (McMahon, J.).......................8

*Egieston v. The Valspar Corp.*,
   No. 15-cv-4130, 2015 WL 6508329 (S.D.N.Y. Oct. 13, 2015).................................................8

*Feuer v. Cornerstone Hotels Corp.*,
   No. 14-cv-5488, 2017 WL 3841841 (E.D.N.Y. Aug. 4, 2017) .................................................7

*In re Fosamax Prods. Liab. Litig.*,
   707 F.3d 189 (2d Cir. 2013).......................................................................................................9

*Hamlin ex rel. Hamlin v. City of Peekskill Bd. of Educ.*,
   377 F. Supp. 2d 379 (S.D.N.Y. July 13, 2005) (McMahon, J.)..........................................6, 10

*Hill v. Bloomberg L.P.*,
   No. 14-cv-9809, 2016 WL1665599 (S.D.N.Y. Apr. 20, 2016) (McMahon, J.) ........................6

*Holtz v. Rockefeller & Co.*,
   258 F. 3d 62 (2d Cir. 2001).........................................................................................................7

*Jeffreys v. Rossi*,
   275 F. Supp. 2d 463 (S.D.N.Y. 2003)........................................................................................8

*Klauber Brothers. v. Russell-Newman, Inc.*,
   No. 11-cv-4985, 2013 WL 1245456 (S.D.N.Y. Mar. 26, 2013)................................................3

*Patterson v. Cnty. of Oneida, N.Y.*,
   375 F.3d 206 (2d Cir. 2004).......................................................................................................8

*Pugni v. Reader's Digest Ass'n, Inc.*,
   No. 05-cv-8026, 2007 WL 1087183 (S.D.N.Y. Apr. 9, 2007) (McMahon, J.) .....................5, 7

*Quick v. Graham,*
    No. 12-cv-1717, 2016 WL 873853 (N.D.N.Y. Jan. 8, 2016) ...................................................8

*Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.,*
    No. 17-cv-5670, 2020 WL 838279 (S.D.N.Y. Feb. 20, 2020) .................................................9

*Risco v McHugh,*
    868 F. Supp. 2d 75 (S.D.N.Y. 2012)..............................................................................5, 6, 7, 8

*Senno v. Elmsford Union Free School Dist.*,
    812 F. Supp. 2d 454 (S.D.N.Y. 2011).....................................................................................6

**Other Authorities**

Fed. R. Civ. P. 56(e) ........................................................................................................................8

Local Rule 56.1................................................................................................................. *passim*

Local Rule 56.1(b) ..........................................................................................................................7

Local Rule 56.1(c) ..........................................................................................................................7

**PRELIMINARY STATEMENT**

Defendant's Opposition does not raise any genuine issue of material fact that precludes summary judgment on liability for Plaintiffs' breach of contract claim.[1] Plaintiffs have made their *prima facie* showing, which Defendant concedes or fails to rebut. In that regard, Defendant does not and cannot contest: (1) that the SPA is a valid contract that he signed, which Plaintiffs have the right to enforce; (2) that Plaintiffs fully performed under the SPA; or (3) that the SPA barred the Seller and its "Affiliates" from using the "ANDREWS" corporate name after closing of the SPA in 2012. Defendant also does not contest that he is an "Affiliate" as defined by the SPA.

Defendant's Opposition is left to focus ineffectively on whether Defendant is bound by Section 11.18 of the SPA, an attempt to distract the Court from the undisputed facts demonstrating his breach. Yet, Defendant cannot refute a plain reading of the SPA, which shows he is bound, or offer evidence to somehow establish otherwise. Furthermore, with regard to his breach, <u>Defendant does not deny that he is the founder and financier of Andrews Global Security</u>—a security services company that has used the "ANDREWS" corporate name. Defendant also does not disavow the evidence that shows he held himself out as Andrews Global's founder and Chief Executive Officer. It cannot be disputed that this alone is a breach of the SPA, and <u>none</u> of Defendant's "responses" to Plaintiffs' Rule 56.1 Statement says otherwise. In fact, Defendant's "responses" to Plaintiffs' Rule 56.1 Statement utterly fail to respond to, let alone deny, Plaintiffs' undisputed facts. As a matter of law, such evasive responses are improper and do not create a genuine issue of material fact.

---

[1] Plaintiffs are not seeking summary judgment as to the amount of their damages. Both parties proffered expert reports on the issue of damages, creating a dispute that need not be reached in deciding Plaintiffs' MSJ.

Unable to demonstrate a triable issue, Defendant asks this Court to proceed with a two-week trial[2] based on a few conclusory assertions in a Declaration he submits with his Opposition. This Declaration fails to address any of Plaintiffs' evidence or Rule 56.1 Statement, and only summarily denies being employed or paid by Andrews Global. Nonetheless, it does not deny that Defendant is Andrews Global's founder. (Dkt. 52, ¶¶ 4, 5.) Defendant's vague and partial denial cannot change the undisputed fact that <u>he</u> sent emails in which <u>he</u> stated that <u>he</u> started a new company, Andrews Global. Nor does Defendant deny that <u>he</u> told others <u>he</u> was Andrews Global's Chief Executive Officer, including in emails <u>he</u> sent using the address randrews@andrewsglobalsecurity.com. (Dkt. 53, ¶¶ 19, 26-28, 34.) These undisputed facts again demonstrate Defendant's breach.

Defendant also tries to obfuscate the issues by including his own "Counterstatement of Facts." Yet, this Counterstatement contains nothing more than red herrings and conclusory assertions, which do not create issues of fact on any relevant issue. Equally insufficient is Defendant's regurgitation of the arguments from his Omnibus Motion to Dismiss, Transfer, or Stay. These arguments also do not bear on or defeat the merits of Plaintiffs' breach of contract claim. As shown in Plaintiffs' Opposition to Defendants' Omnibus Motion (Dkt. 49), this Court can readily discard Defendant's attempt to distract from the real issues in this case.

For all of these reasons, Plaintiffs' motion for summary judgment should be granted.

---

[2] Defendant waived his right to a jury trial in Section 11.15 of the SPA. (Dkt. 20-1 at PL_00001101 (" . . . each such party hereby irrevocably and unconditionally waives any right such party may have to a jury trial in respect of nay litigation directly or indirectly arising out of relating to this Agreement or the transactions contemplated by this Agreement.").)

## ARGUMENT

A. <u>**Defendant Was A Party To The SPA And Is Bound By Section 11.18.**</u>

Defendant does not create a material issue of fact that he is bound by the SPA. A plain reading of the SPA establishes Defendant is a "party" to it, bound by the obligation agreed to and not free to trample on the rights conveyed. (*See* Dkt. 49, § I.C.) As discussed in Plaintiffs' Opposition to Defendant's Omnibus Motion, the opening section of the SPA makes clear Defendant is a party to the agreement and agreed to be bound by its terms. (Dkt. 20-1 ("in consideration of the promises, representations and warranties and mutual covenants contained herein . . . and intending to be legally bound, the parties agree as follows . . .").) Defendant executed the SPA, signing his name to the SPA's signature page as a party, without any qualification that he was only signing with respect to certain provisions or that he was signing solely in a capacity as a corporate officer. The term "parties" is used throughout the SPA, including in reference to Rollover Sellers; nothing in the SPA limits the obligation of any party to the SPA by the use of a shorthand-title of convenience, such as "Rollover Sellers."

The cases cited by Defendant do not change these simple facts or alter the plain meaning of the SPA. These cases instead either involve defendants who did not sign contracts or individuals who signed contracts solely as an agent of a corporation. *Klauber Brothers. v. Russell-Newman, Incorporated*, cited by Defendant, is similarly irrelevant. Unlike in *Klauber*, where the plaintiff argued that the defendants' obligations under the contract were "implicit," No. 11-cv-4985, 2013 WL 1245456, **2-3 (S.D.N.Y. Mar. 26, 2013), SPA Section 11.18's applicability to Defendant, and Defendant's obligations thereunder, are express.

While Defendant's Opposition on this issue repeats the same, meritless arguments from Defendant's Omnibus Motion, Defendant now concedes that he technically <u>is</u> an "Affiliate" as defined in the SPA. (*Compare* Dkt. 50, § II.B *with* Dkt. 26, § I.C.) Defendant, however, attempts

3

to insulate his conduct by arguing that he is not required to comply with Section 11.18 because he is an "Affiliate" by virtue of his status as a corporate officer of the SPA's Seller. But Defendant's argument fails because the SPA's definition of "Affiliate" also broadly applies to Defendant as "an individual." His status as an officer does not change that he is brought within the scope of term "Affiliate" by virtue of his status as "an individual." Having agreed that the actions of an "Affiliate," which includes not only corporate entities but also individuals such as Defendant, are subject to Section 11.18's restrictions, Defendant is not free to ignore the parties' agreement in this provision and trample Plaintiffs' rights with regard to the exclusive use of the "ANDREWS" corporate name.

**B.     There Is No Genuine Issue Of Material Fact On Plaintiffs' Contract Claim.**

With regard to all but one element of Plaintiffs' breach of contract claim, Defendant's Opposition is devoid of any response. Defendant does not contest that: Plaintiffs have standing to pursue their claims[3]; the SPA is a valid and enforceable contract; Plaintiffs performed their obligations under the SPA; the SPA prohibited an "Affiliate" of the "Seller" from using the "ANDREWS" corporate name after Closing of the SPA; or that Defendant is an "Affiliate" of the "Seller" to the SPA. (*See* MSJ, §§ A.1, A.2, A.3, A.4.a, A.4.c.)

The sole issue remaining, then, is whether Defendant breached the SPA. The undisputed evidence to Plaintiffs' MSJ shows that he did. Defendant has used and featured the "ANDREWS" corporate name in material breach of the terms of the SPA he entered into in 2012. (*See e.g.,* Dkt. 23, ¶¶ 19-28, 32-45.)

---

[3] In fact, Defendant now concedes that "the proper party for imposition of contractual liability" is a "narrower issue[]" than "enforcement of trademark rights." (Opp., p. 30.)

4

      **1.**      **Defendant's Response to Plaintiffs' Rule 56.1 Statement Does Not Create An Issue Of Material Fact.**

To fabricate the appearance of a disputed material fact where none exists, Defendant "improperly interjects arguments and/or immaterial facts in response to facts asserted by [Plaintiffs], without specifically controverting those facts." *Risco v McHugh*, 868 F. Supp. 2d 75, 86 n.2 (S.D.N.Y. 2012); *Costello v. N.Y. State Nurses Ass'n*, 783 F. Supp. 2d 656, 661 n.5 (S.D.N.Y. 2011) (disregarding responses to Rule 56.1 statement where party opposing summary judgment responded with conclusory assertions or legal arguments). In response to almost every one of Plaintiffs' Statements of Fact, Defendant argues preemption, waiver, release, or about Defendant's purported status as an "obligor-signatory" to the SPA. (Dkt. 53, ¶¶ 7, 8, 9, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45.) These are not factual disputes.

"In other instances, [Defendant] neither admits nor denies a particular fact, but instead responds with equivocal statements." *Risco*, 868 F. Supp. 2d at 86 n.2." (Dkt. 53, ¶¶ 1, 6, 7, 8, 9, 13, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 43, 44, 45.) Defendant's "submission can hardly be deemed a response" to Plaintiffs' Rule 56.1 Statement since Defendant "neither admits nor denies a single fact asserted by" Plaintiffs. *Pugni v. Reader's Digest Ass'n, Inc.*, No. 05-cv-8026, 2007 WL 1087183, *2 (S.D.N.Y. Apr. 9, 2007) (McMahon, J.) (deeming facts in Rule 56.1 statement admitted). Among the material facts that Defendant fails to respond to, and thus does not dispute, are:[4]

- Defendant signed the SPA (Dkt. 53, ¶ 7);

---

[4] These are also addressed in Plaintiffs' Objections to Defendant's Response to Plaintiffs' Statement of Undisputed Material Facts and Responses to Defendant's Counterstatement of Material Facts ("SOF Reply"), filed concurrently herewith.

- Defendant, with his son, founded a new security services business named Andrews Global Security (Dkt. 53, ¶ 19);

- Defendant held himself out as the founder of Andrews Global (Dkt. 53, ¶¶ 19, 26);

- Defendant held himself out as the CEO of Andrews Global and signed security proposals for prospective Andrews Global customers in this capacity (Dkt. 53, ¶¶ 27, 28);

- Defendant used the email address randrews@andrewsglobalsecurity.com (Dkt. 53, ¶ 34);

- Defendant provided input that Andrews Global proposals be made to "look more like a [company] name change" (Dkt. 53, ¶ 41); and

- Defendant approved the use of the "ANDREWS" corporate name in the formation of another corporate entity, Andrews Global Security, S.A. in Nicaragua (Dkt. 53, ¶ 44).

Evasive "[r]esponses . . . which do not point to any evidence in the record that may create a genuine issue of material fact, do not function as denials, and will be deemed admissions of the stated fact." *Risco*, 868 F. Supp. 2d at 86 n.2 (quoting *Senno v. Elmsford Union Free School Dist.*, 812 F. Supp. 2d 454, 458 n.1 (S.D.N.Y. 2011)); *Costello*, 783 F. Supp. 2d at 661 n.5 (disregarding responses to Rule 56.1 statement where party opposing summary judgment failed to specifically dispute statements of fact); *Buckman v. Calyon Secs.*, 817 F. Supp. 2d 322, 328 n.42 (S.D.N.Y. 2011) ("56.1 statements not explicitly denied by [party opposing summary judgment] are deemed admitted."); *Hill v. Bloomberg L.P.*, No. 14-cv-9809, 2016 WL 1665599, *1 (S.D.N.Y. Apr. 20, 2016) (McMahon, J.) (granting motion for summary judgment and finding that party opposing summary judgment had submitted improper response to the moving party's Rule 56.1 statement as the response failed to respond to the "vast majority" of factual assertions). Defendant's non-responses to Plaintiffs' Rule 56.1 Statement are not a "specific fact showing that there is a genuine issue for trial." *Hamlin ex rel. Hamlin v. City of Peekskill Bd. of Educ.*, 377 F. Supp. 2d 379, 381 n.1 (S.D.N.Y. July 13, 2005) (McMahon, J.).

The Court's rules—"simple to understand and apply"—"are designed to assist the Court by narrowing the scope of the issues to be adjudicated and identifying the facts relevant and admissible to that determination." *Risco*, 868 F. Supp. 2d at n.2 (citing *Holtz v. Rockefeller & Co.*, 258 F. 3d 62, 74 (2d Cir. 2001)). Local Rule 56.1(c) is "clear in setting forth the consequences of" a "failure to comply with Rule 56.1(b)"—"Each numbered paragraph . . . will be deemed to be admitted . . ." *Pugni*, 2007 WL 1087183, at *2 (McMahon, J.) (quoting Local Rule 56.1(c)). Paragraphs 1, 6, 7, 8, 9, 13, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 43, 44, and 45 of Plaintiffs' Rule 56.1 Statement should be deemed admitted. Defendant does not establish the existence of a dispute of material fact and summary judgment should be granted in Plaintiffs' favor.

      **2.**      **Defendant Breached The SPA By Using The "ANDREWS" Corporate Name and His Self-Serving Declaration Does Not Create Any Genuine Issue of Material Fact.**

"A party cannot create a genuine issue of material fact by means of a self-serving declaration, affidavit, or affirmation that contradicts prior admissions." *Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5488, 2017 WL 3841841, *10 (E.D.N.Y. Aug. 4, 2017) (holding "self-serving declaration and limited contradictory evidence" were "of no merit" at the summary judgment stage in light of other party admissions). Defendant does not deny having made numerous admissions about his role within Andrews Global Security:

- "I have started a new company AndrewsGlobal" (Dkt. 21-4 (email sent by Defendant using email address randrews@andrewsglobalsecurity.com));

- "I started a new company Andrews Global security. We have quickly taken back our Hollywood contracts" (Dkt. 21-5 (email sent by Defendant using email address randrews@andrewsglobalsecurity.com));

- Defendant has held himself out as Andrews Global's Chief Executive Officer (Dkt. 20-5 (Defendant's resume); Dkt. 21-14 at S&J_AGS_00461 (cover letter to Andrews Global Proposal for Security Services signed by Defendant as CEO), S&J_AGS_000474 ("Randy

7

- Andrews founded Andrews Global Security (AGS) in 2018 with a vision of . . . "), and S&J_AGS_00475 (same); Dkt. 21-15 at S&J_AGS_002166, 2167, 2173, 2207, 2227, 2256; Dkt. 21-18; Dkt. 21-32);

- Defendant refers to Andrews Global in the first person, using terms such as "we," "our," and "us" when referring to Andrews Global and its work (Dkt. 21-18 ("our company"); Dkt. 21-43 ("our International work"); Dkt. 21-49 ("what ever it Takes David wants us to handle all of the Gildan business in Central America")); and

- Defendant approved the use of the "Andrews" name in incorporating Andrews Global Security, S.A. in Latin America (Dkt. 20-16 (email sent by Defendant)).

Instead, Defendant now only generally claims he has never been employed or paid by Andrews Global. Defendant's "blanket denial" of his involvement with Andrews Global, in contradiction of his pre-litigation statements, is not "sufficient to persuade any reasonable fact finder to rely on" the conclusory assertions in Defendant's Declaration. *Quick v. Graham*, No. 12-cv-1717, 2016 WL 873853, *7 (N.D.N.Y. Jan. 8, 2016). The Declaration's generic denials are too conclusory to create any issue of material fact. *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004); FED. R. CIV. P. 56(e). This is especially true since Defendant does not deny in his Declaration that he is the founder and financial backer of Andrews Global.

Defendant's Declaration is also "so contradictory" of Defendant's prior admissions that it "may be disregarded" without being considered a credibility determination. *See e.g., Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 476-77 (S.D.N.Y. 2003). This merely demonstrates that "th[ere] is not a *genuinely* disputable issue of material fact." *Egieston v. The Valspar Corp.*, No. 15-cv-4130, 2015 WL 6508329, *7 n.6 (S.D.N.Y. Oct. 13, 2015) (court was "entitled to credit the fact admitted"); *Risco*, 868 F. Supp. 2d at 86 n.2 (disregarding averments Rule 56.1 response where affidavit made "assertions that are explicitly contradicted by admissible evidence in the record"); *Dietrich v. City of N.Y.*, No. 18-cv-7544, 2020 WL 4226591, *13 (S.D.N.Y. July 23, 2020) (McMahon, J.) ("When the timing of a [party]'s self-serving testimony coincides with [an]

8

attempt to dispose of [the] case, courts may take into account 'the likelihood that it was intended solely to defeat the motion for summary judgment' . . .") (quoting *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 195 (2d Cir. 2013)).

### 3. Defendant's Counterstatements of Fact Are Not Relevant.

Defendant's "Counterstatement of Material Facts" (Dkt. 53, ¶¶ 46-55) also does not create a genuine issue of material fact as it is irrelevant to Plaintiffs' MSJ. Whether Plaintiffs are holding companies—an allegation Defendant makes without evidentiary support—does not impact whether Plaintiffs have enforceable, contractual rights under the SPA. (*See* SOF Reply, ¶¶ 1, 46.) Defendant's use of the "ANDREWS" corporate name while still employed by Plaintiffs' related entities is of no import in deciding that Defendant breached the SPA in using the "ANDREWS" corporate name, without authorization, in forming a direct competitor of Plaintiffs. (*Id.*, ¶¶ 16, 53.) Defendant does not deny he was Andrews Global's founder and his contention that Andrews Global "embellished" is belied by all other evidence in the record that Defendant was aware of these representations and actively held himself out as Andrews Global's founder and CEO. (*See also id.*, ¶ 51.) Nor is it relevant that Defendant's son has formed other companies when Defendant's use of the "ANDREWS" corporate name is at issue here. (*Id.*, ¶¶ 19, 50.) Similarly, for purposes of Plaintiffs' MSJ, only Defendant's use of the "ANDREWS" corporate name matters; Allied Universal's use does not. (*Id.*, ¶¶ 17, 55.)

Defendant's additional "facts," "which do not actually challenge the factual substance" of Plaintiffs' MSJ, do not create a dispute of fact that precludes summary judgment. *Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-cv-5670, 2020 WL 838279, *1 n.1 (S.D.N.Y. Feb. 20, 2020); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment."); *Hamlin*, 377 F. Supp. 2d at 382 ("[N]ot every disputed factual issue is material in light of the substantive law that governs the case.").

## CONCLUSION

The 2012 SPA that Defendant signed, without limitation, unambiguously provides that:

> . . . None of the Seller, its parent entity, or any of their Affiliates shall be entitled at any time ten days after the Closing Date to use the corporate name ANDREWS, used along or in combination with any other word or design.

(SPA, § 11.18.) The undisputed facts show that Defendant is an "Affiliate" who, post-Closing, has used the corporate name "ANDREWS" in breach of the SPA. Summary judgment on liability should be granted in Plaintiffs' favor.

Dated: New York, New York
October 1, 2020,

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Noah Weissman*
NOAH WEISSMAN
1290 Avenue of the Americas
New York, New York 10104
Tel.: (212) 541-2000
Fax: (212) 541-4630
*Attorney for Plaintiffs*